~~EXHIBIT B~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/5/2022

| | |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br>All Actions |

# ~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT

~~On the ____ day of _____, 2022, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 2, 2021 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs; and~~

The Court having considered all matters submitted to it ~~at the hearing and otherwise;~~ and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated <u>June</u> <u>23</u>, <u>2022</u> ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published and emailed to identifiable Settlement Class Members when an email address was provided to the Claims Administrator in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order and Final Judgment incorporates and makes a part hereof the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Plaintiffs are typical of the claims of the Settlement Class;

(d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

   i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

   ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

   iii. the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

   iv. the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

  4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or acquired Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the officers and directors of Sundial at the time of its IPO, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has a majority ownership interest or had a majority ownership interest at the time of the IPO. Also excluded from the Settlement Class are those Persons who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

  5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

  6. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1, as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the

circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full and fair opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representatives, Settlement Class Members and Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are fully and finally dismissed with prejudice as against Defendants, Defendants' Related Parties and the other Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. Plaintiffs and the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf

of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, (i) shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants and Defendants' Related Parties; (ii) shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue any Defendants or Defendants' Related Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity; and (iii) shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum and in any capacity, any of the Released Plaintiffs' Claims, against any Defendants or Defendants' Related Parties.

10.     Defendants, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, (i) shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, the Settlement Class Members, and Plaintiffs' and Settlement Class Members' Related Parties; (ii) shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue Plaintiffs, the Settlement Class Members, and Plaintiffs' and Settlement Class Members' Related Parties with respect to any and all Released Defendants' Claims in any forum and in any capacity; and (iii) shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum and in any capacity,

any of the Released Defendants' Claims, against any Plaintiffs, the Settlement Class Members, and Plaintiffs' and Settlement Class Members' Related Parties.

11.     Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

12.     Nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant or any claim brought directly by or derivatively on behalf of any Defendant against any of its Related Parties, any other Defendant, or any other Defendant's Related Parties.

13.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation. The Plan of Allocation is not a condition to the effectiveness of the Settlement, and the Defendants and Defendants' Related Parties shall have no responsibility or liability with respect thereto.

14.     The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

15.     Nothing in this Order and Final Judgment, the Settlement Stipulation (including the Settlement contained therein), the terms and provisions of the Settlement, or any of the negotiations, documents or proceedings connected with the Settlement and this Order and Final Judgment is, may be deemed to be or may be used in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal as an admission, concession, or evidence of:

(a) the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Class Representatives or in any pleadings in the Action, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, Defendants' Related Parties, the Released Parties, or each or any of them;

(b) any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants, Defendants' Related Parties, the Released Parties, or each or any of them;

(c) the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Class Representatives or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) the merits or lack of merit of any of Class Representatives' or Settlement Class Members' claims;

(e) the appropriateness or inappropriateness of class certification of any litigation class; or

(f) the validity or amount of any damages sought or potentially recoverable in the Action.

16. The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

17. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

18. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Net Settlement Fund to the Settlement Class Members.

19. Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21. The finality of this Order and Judgment shall not be affected, in any manner, by rulings that the Court may make or any appeals relating to the Plan of Allocation, Class Counsel's application for an award of attorneys' fees and expenses, or an award to Class Representatives.

22. In the event the Settlement is terminated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof), to the extent provided by and in accordance with the Settlement Stipulation, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to August 24, 2021, pursuant to the terms of the Settlement Stipulation.

Dated: ___October 5, 2022

_____
HON. ANDREW L. CARTER JR.
UNITED STATES DISTRICT JUDGE