USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/30/2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br><br>All Actions |

## ORDER GRANTING MOTION FOR DISTRIBUTION
## OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiffs 998735 BC LTD and David Draiman (together, "Plaintiffs") in this action ("Action") moved this Court for an order, approving distribution of the Net Settlement Fund ("Motion"). Having reviewed and considering all the materials and arguments submitted in support of the motion, IT IS HEREBY ORDERED that:

1. The Motion is GRANTED in its entirety.

2. The Court approves the administrative determinations of Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, in accepting and rejecting the Proof of Claim and Release forms ("Claim Forms" or "Claims").[1]

3. The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) established by the settlement of this Action shall be distributed to Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Margery Craig Concerning the Results of the Claims Administration Process

---

[1] This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court on December 3, 2021 (Dkt. No. 101), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

("Craig Declaration"), at the direction of Co-Lead Counsel, Levi & Korsinsky, LLP and The Rosen Law Firm, P.A., pursuant to the Stipulation, and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 105).

4. SCS's administrative determinations rejecting the ineligible or otherwise deficient Claims, which are set forth in Exhibits D and E to the Craig Declaration, are approved. Such claims may not receive any distributions from the Settlement Fund.

5. Any Claims that were received after November 4, 2022, and any responses to deficiency and/or rejection notices received after April 27, 2023, are hereby rejected as untimely and shall not be accepted.

6. All distribution checks shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. Consistent with the Stipulation, if any funds remain in the Net Settlement Fund by reason of tax refunds, uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second

distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such second distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with the approval of the Court. (Dkt. No. 101, ¶7.7).

8. SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than one (1) years after all distributions of the Net Settlement Fund to the eligible claimants.

9. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED

Dated: November 30, 2023

_____
HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE